UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SIERRA NEVADA FOREST PROTECTION CAMPAIGN, SIERRA CLUB, and LASSEN FOREST PRESERVATION GROUP,<br><br>            Plaintiffs,<br><br>     v.<br><br>LAURIE TIPPIN, in her official capacity as Forest Supervisor of the Lassen National Forest, BERNARD WEINGARDT, in his official capacity as Regional Forester; and UNITED STATES FOREST SERVICE,<br><br>            Defendants.<br>_____/<br>Sierra Pacific Industries,<br><br>            Proposed Defendant/<br>            Intervenor<br>_____/ | NO. CIV. S-06-00351 FCD DAD |

----oo0oo----

This matter is before the court on a motion to intervene filed by applicant Sierra Pacific Industries ("SPI" or "applicant"). Plaintiffs oppose applicant's intervention in the liability portion of the litigation.[1] For the reason's set forth below,[2] applicant's motion to intervene as a defendant is GRANTED in part and DENIED in part.

## BACKGROUND[3]

On February 17, 2006, plaintiffs filed a complaint in this court, seeking declaratory and injunctive relief based upon alleged procedural violations of the National Environmental Policy Act ("NEPA") and the National Forest Management Act ("NFMA") in the Forest Service's decision to approve the Creeks Forest Health Recovery Project. (Compl., filed Feb. 17, 2006, ¶ 1). On April 6, 2006, applicant SPI filed a motion to intervene as a defendant in the action. (Applicant's Mot. to Intervene, filed Apr. 6, 2006 ("Mot. to Intervene")).

SPI is a California corporation that has been awarded three contracts by defendants United States Forest Service ("USFS") in relation to the Creeks Forest Health Recovery Project (the "Project") and is the high bidder on the fourth contract. (Decl. of Mark Bosetti in Supp. of Applicant's Mot. to Intervene ("Bosetti Decl."), filed May 12, 2006, ¶ 2). SPI seeks to intervene in this matter because it asserts that it has a

---

[1] Defendants have not filed a response to applicant's motion to intervene.

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

[3] The facts provided are for considered only for the purposes of applicant's motion to intervene.

concrete interest in this case because it is a contractor on the Project and because it has expended payments in the of $397,000 and bonds totaling over $116,800 in order to secure the timber contracts. (Id. ¶ 3). SPI argues that it, its employees, and its employees' families will suffer enormous economic detriment if the project is cancelled or delayed even temporarily. (Mot. to Intervene at 2). SPI also seeks to intervene on the basis that it owns approximately 2,040 acres that are within the Project's boundary, and many harvest units for the Project are share a border with SPI timberlands. (Bosetti Decl. ¶ 4). SPI argues that if the Project is cancelled or delayed, SPI timberlands will be at increased risk of fire, disease, and insects due to the close proximity. (Id. ¶ 5). Therefore, SPI brings this motion for intervention as of right or, alternatively, for permissive intervention.

Plaintiffs do not object to SPI's limited participation in the case to address the appropriate remedy if plaintiffs prevail on the merits. (Pls.' Mem. in Opp'n to Mot. to Intervene ("Opp'n"), filed May 2, 2006 at 2). However, plaintiffs oppose SPI's motion to intervene for all other purposes. (Id.)

**STANDARD**

Rule 24 provides two grounds for intervention in federal court: intervention as of right and permissive intervention. Fed. R. Civ. P. 24 (West 2006).

Rule 24(a)(2) governs applications for intervention as of right and provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is

3

> so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). In the absence of a statute conferring an unconditional right to intervene, the applicant must demonstrate that: (1) the application is timely; (2) the applicant has an interest in the subject matter of the litigation; (3) absent intervention, applicant's interest will be impaired; and (4) the existing parties inadequately represent the applicant's interests. League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997). The focus of the court's inquiry should be the effect on the applicant, not on other parties to the litigation. See 6 William Moore's Federal Practice 3d Ed. § 24.03(1)(c) (2003). The rule is construed broadly in favor of the applicants. Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1397 (9th Cir. 1995).

Applicants also may seek permissive intervention under Rule 24(b), which provides:

> Upon timely application, anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising it discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b). A court may grant permissive intervention where the applicant demonstrates (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a common question of law or fact. Wilson, 131 F.3d at 1308 (quotations and citation omitted). Even if the applicant satisfies these requirements,

the court has discretion to deny intervention based upon other considerations relevant to the individual circumstances of the case before it.  See Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998); Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir. 1989). Unlike intervention as of right, permissive intervention focuses on possible prejudice to the original parties to the litigation, not the intervenor.  See Moore's Federal Practice 3d Ed. § 24.10(1)(2003).

In reviewing a motion to intervene, the court generally should accept as true the allegations and evidence submitted by the applicant.  Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 819-20 (9th Cir. 2001).

**ANALYSIS**

**I.   Intervention as of Right**

Plaintiff first asserts that it should be permitted to intervene as of right under Federal Rule of Civil Procedure 24(a).

**A.   Timeliness**

Timeliness is "the threshold requirement" for intervention as of right.  United States v. Oregon, 913 F.2d 576, 588 (9th Cir. 1990).  If the court finds "that the motion to intervene was not timely, [it] need not reach any of the remaining elements of Rule 24."  Wilson, 131 F.3d at 1302 quoting United States v. Washington, 86 F.3d 1499, 1503 (9th Cir. 1996).  In determining whether a motion is timely, the court considers: (1) the stage of the proceedings; (2) the prejudice to other parties; and (3) the reason for and length of the delay.  United States ex rel. McGough v. Covington Techs., 967 F.2d 1391, 1394 (9th Cir. 1992).

1  "[A]ny substantial delay weighs heavily against intervention."
2  Wilson, 131 F.3d at 1302. (citations omitted).
3      Here, the action was filed on February 17, 2006, and the
4  motion to intervene was filed on April 6, 2006.  This motion was
5  brought at the outset of litigation, prior to the filing of any
6  response by the named defendants and prior to the issuance of a
7  pretrial scheduling order.  See Sierra Club v. U.S. E.P.A., 995
8  F.2d 1478, 1481 (9th Cir. 1993) (upholding trial court's finding
9  that application was timely where filed before defendant had
10 filed its answer).  There is no evidence that intervention by
11 applicant will prejudice any existing party.  Accordingly, the
12 court finds that applicant's motion to intervene was timely
13 filed.
14      **B.   Interest in the Subject Matter**
15      In addition to filing a timely motion, applicant must show
16 that it has an interest in the subject matter of the litigation.
17 Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 527 (9th Cir.
18 1983).
19      Plaintiffs argue that applicant does not have a significant
20 protectable interest in its claims alleging violations of NEPA.
21 The Ninth Circuit has held that "[a]s a general rule, 'the
22 federal government is the only proper defendant in an action to
23 compel compliance with NEPA.'" Kootenai Tribe of Idaho v.
24 Veneman, 313 F.3d 1094, 1108 (9th Cir. 2002) (quoting Wetlands
25 Action Network v. United States Army Corps of Eng'rs, 222 F.3d
26 1105, 1114 (9th Cir. 2000)).  The rationale behind this rule is
27 that "because NEPA requires action only by the government, only
28 the government can be liable under NEPA.  Because a private party

6

can not violate NEPA, it can not be a defendant in a NEPA compliance action." Id. (quotations and citations omitted).  In Wetlands, the Ninth Circuit confirmed that the general rule prohibiting intervention applies in situations where the proposed intervenor has been issued a permit or contract.  222 F.3d at 1114; see also Churchill County v. Babbitt, 150 F.3d 1072, 1083. However, where "injunctive relief sought by plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests," that party demonstrates that it has a significant protectable interest in the action.  Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1494 (9th Cir. 1995).  The Ninth Circuit has explained that in such cases, the appropriate course is to limit the private party's intervention to the remedial phase of the litigation. Wetlands, 222 F.3d at 1114; Churchill County, 150 F.3d at 1083.

 Plaintiffs' first and second claims for relief allege procedural violations of NEPA.  Specifically, plaintiffs allege that federal defendants failed to consider reasonable alternatives and failed to take a hard look at the Project's environmental impact as required by NEPA.  Because SPI is a private party, it cannot intervene as a defendant in plaintiffs' claims relating to the federal government's alleged failure to comply with NEPA.

 However, SPI asserts that it has been awarded three contracts relating to the Project and is the highest bidder on the fourth contract. (Mot. to Intervene at 2).  The Ninth Circuit has explicitly held that ownership of projects that are involved in various stages of planning and implementation are

7

sufficient to constitute legally protectable interests for the purpose of intervention as of right. Berg, 268 F.3d at 820 ("Contract rights are traditionally protectable interests."). Because the Project's implementation is threatened by plaintiffs' claim for declaratory and injunctive relief, there is a clear connection between applicant's protectable interest in its contracts and the relief sought by plaintiffs in the action. See id. Thus, applicant has demonstrated a protectable interest that could be affected by the remedial portion of the current litigation.

Plaintiffs also argue that applicant cannot intervene in its claims for violations of NFMA for the same reasons that it cannot intervene under NEPA. Plaintiffs' NFMA claims allege that federal defendants failed to ensure the viability and distribution of wildlife that inhabit old forests and failed to monitor wildlife populations and trends as required by NFMA. Like NEPA, NFMA requires only action by the government. Kootenai, 313 F.3d at 1108. As such, under the Ninth Circuit's rationale, only the government can be a defendant in a NFMA compliance action. Therefore, applicant cannot intervene as a defendant in plaintiff's NFMA compliance claims. See Forest Conservation, 66 F.3d at 1496. However, as addressed by the court in relation to plaintiffs' NEPA claims, SPI has asserted a protectable interest in its contracts that could be affected by the relief sought by plaintiffs. See id.

**C. Impairment of Applicant's Interest**

Applicant next must demonstrate that, absent intervention, its interests in the litigation will be impaired. Id. at 822.

"If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule be entitled to intervene." Id. (quoting Fed. R. Civ. P. 24 advisory committee's notes). Applicant asserts that if it is not allowed to harvest the timber this summer and fall, SPI will face a severe shortage in it Quincy Mill, potentially resulting in layoffs. (Mot. to Intervene at 5). As such, the declaratory and injunctive relief requested by plaintiffs would affect applicant's interests. If the Project is not implemented or even postponed, applicant's interest in performing on the awarded contracts with be both legally and practically affected. See Berg, 268 F.3d at 822. Thus, applicant has demonstrated that its interests could be impaired by the remedial portion of the current litigation.

### D. Adequacy of Representation

Finally, the applicant must demonstrate that the party on whose side it seeks to intervene is not capable or willing to make the intervenor's arguments. See Idaho Farm Bureau Fed'n, 58 F.3d at 1398. "The burden of making this showing is minimal." Pacific Gas & Elec. Co. v. Lynch, 216 F. Supp. 2d 1016, 1025 (N.D. Cal. 2002) (citing Sagebrush Rebellion, 713 F.2d at 528). Applicant may satisfy this burden by demonstrating that the representation of their interests *may be* inadequate. Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1971). The Ninth Circuit

> considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would

9

      offer any necessary elements to the proceeding that other parties would neglect.

Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003) (citing California v. Tahoe Reg'l Planning Agency, 792 F.2d 775, 778 (9th Cir. 1986)).

      The named defendants in this action are government entities and officials.  These defendants do not have the same type of vested economic interest in the litigation as SPI.  (Mot. to Intervene at 7).  Therefore, because the named defendants have different interests than SPI, if plaintiffs prevail, it is likely that defendants will not advance the same arguments as applicants in regards to potential remedies.  See Berg, 268 F.3d at 824.  Therefore, there is sufficient doubt about the adequacy of representation to warrant intervention in the remedial portion of the litigation.  See id. (citations and quotations omitted).

      Because private parties are not proper defendants in actions to compel compliance with NEPA or NFMA, to the extent that applicants seek to intervene in the merits portion of the litigation, applicant's motion to intervene is DENIED.  However, because the four factor analysis under Rule 24(a) has been satisfied as it relates to the injunctive relief sought by plaintiffs, applicant is entitled to intervene as of right in the remedial portion of the current litigation.  Therefore, applicant's motion to intervene as of right, pursuant to Rule 24(a), is GRANTED in part.

**II.  Permissive Intervention**

      Applicant also seeks permissive intervention pursuant to Rule 24(b).  In order to intervene permissively, applicant must

1  prove that it meets three threshold requirements: (1) the court
2  has an independent basis for jurisdiction; (2) the motion is
3  timely; and (3) applicant shares a common question of law or fact
4  with the main action.  Fed. R. Civ. P. 24(b).  Applicants have
5  satisfied the threshold requirements for permissive intervention.
6  However, intervention pursuant to Rule 24(b) is within the trial
7  court's discretion and must take into account the prejudice to
8  the original parties, including the potential for undue delay.
9      Applicant argues that, in the event that plaintiffs are
10 successful, there are issues of contractual remedies which
11 applicant should be heard on and which would be more fully
12 developed by its participation.  (Applicant's Reply, filed May
13 12, 2006, at 6).  Applicant also argues that potential claims
14 could arise in the event that the sales are not cancelled, but
15 modified, through the disposition of this litigation and that the
16 court should have the benefit of SPI's view.  (Id.)  These
17 arguments address applicant's right to participate in the
18 remedial portion of the litigation, but do not address how
19 applicant's participation would aid in the liability portion of
20 the litigation.  Further, the gravamen of plaintiffs' complaint
21 is that government defendants failed to meet their statutory
22 duties.  Applicant does not contend, despite plaintiffs'
23 assertion to the contrary, that it was involved in the
24 administrative procedures that are the basis of plaintiffs'
25 claims.  As such, SPI's participation in the lawsuit would not
26 add any further clarity or insight into the liability portion of
27 the plaintiffs' suit.
28 /////

Further, if applicant was allowed to address liability issues under these circumstances, an absurd result could follow. See Western Watersheds Project v. United States Forest Serv., 2005 WL 3244253, *1 (D. Idaho, Nov. 4, 2005). For example, if the government defendants concede inadequacies in its management of the Lassen National Forest or preparation of the Environmental Impact Statement, SPI could argue to the contrary. See id. However, the government defendants must make the final decision as to whether to defend its own conduct, and if so, how that defense will be made. See id. Applicant's participation in the liability portion of the litigation could potentially upset the government defendants' proper role in this case as well as contribute to undue delay. Therefore, applicant's motion to permissively intervene in the merits portion of the litigation is DENIED.

## CONCLUSION

For the reasons stated above, applicant's motion to intervene is GRANTED in part and DENIED in part. Applicant's motion is GRANTED to the extent it seeks intervention limited solely to the issues of remedy, and not for purposes of liability. It is DENIED in all other respects.

IT IS SO ORDERED.

DATED: May 15, 2006.

                                      /s/ Frank C. Damrell Jr.
                                      FRANK C. DAMRELL, JR.
                                      United States District Judge